

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXSON
ATTORNEY GENERAL

Honorable Joseph H. Mims
County Attorney
Midland County
Midland Texas

Dear Sir:

Opinion No. 0-5073
Re: Order of commissioners' court of
Midland County quoted in your
letter is invalid.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Will you please furnish me with an opinion on the question of the validity of the following order of the Commissioners' Court of Midland County:

"'On motion of J. L. Dillard seconded by J. C. Roberts, all officials collecting fees for officials of Midland County and district offices are directed to remit all receipts for fees earned in 1943 direct to the Treasurer of Midland County who shall receipt the official thereof, and deposit same in the Officers' Salary Fund of Midland County. The foregoing motion was unanimously passed, all Commissioners voting and it is so ordered by the court.'

"Explanation and supporting brief accompany this letter."

We quote from your brief as follows:

"EXPLANATION AND HISTORY:

"At its first regular meeting in January, 1943, the Commissioners' Court, in accordance with Article 3912e, Sec. 2, by its order duly made and entered of record, determined that county officers of Midland County shall be compensated for the fiscal year on the basis of an annual salary, to-wit: $3000 for each county official,

including only the following officials: county
clerk, district clerk, county judge, sheriff
tax assessor and collector, and county attorney.
Precinct officials shall remain on the fee basis
by order duly made and entered of record.  Mid-
land County has a population according to the
last Federal Census of less than 20,000.

"The Order first above mentioned was next
adopted.

"Prior to 1943, all Midland County officials
were on a fee basis for their compensation.
Under the fee system, each official, as and when
he collected fees, retained those fees which ac-
crued to his office, and turned over to other
officials the portion of collected fees accruing
to their respective offices.  In this manner each
official could keep the entries in his fee book
current, and, at the end of the year, make the
sworn statement required by Article 3897.

"The order of the Commissioners' Court was in-
tended to change the manner of paying out fees by
the collecting official, as outlined; and to sub-
stitute in its place the payment of fees collected
directly into the hands of the Treasurer, by who-
ever collected the fees.

"The county clerk, district clerk and justice
of the peace are the principal officials who col-
lect fees, and the question has arisen whether
they can be compelled by the Order of the Commis-
sioners' Court to pay to the Treasurer the fees
accruing to other officials.

"OPINION:

"It is my opinion that the Order is invalid.
"REASONS:

"When the Legislature provided for counties
of less than 20,000 to pay county officials on an
annual salary basis in lieu of fees, it did not
attempt to change the manner in which officials
received and accounted for the fees accruing to
their respective offices.

"Article 3912e, Sec. 5, provides that fees
shall be deposited in the Officers' Salary Fund,

but does not say that the collecting official
shall deposit all fees in said fund, both his
own and the fees accruing to other offices:

"'It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are permitted
by law to be assessed and collected for all of-
ficial service performed by them.  As and when
such fees are collected they shall be deposited
in the Officers' Salary Fund, or funds provided
in this Act.  In event the Commissioners' Court
finds that the failure to collect any fee or
commission was due to neglect on the part of
the officer charged with the responsibility of
collecting same, the amount of such fee or com-
mission shall be deducted from the salary of
such officer.  Before any such deduction is
made, the Commissioners' Court shall furnish
such officer with an itemized statement of the
uncollected fees with which his account is to
be charged, and shall notify such officer of
the time and place for a hearing on same, to
determine whether such officer was guilty of
negligence, which time for hearing shall be at
least ten days subsequent to the date of notice.
Unless an officer is charge  by law with the res-
ponsibility of collecting fees, the Commission-
ers' Court shall not in any event make any de-
ductions from the authorized salary of such
officer.'

"Sec. 22, Article 3912e, provides that the
provisions of this Act shall be cumulative:

"'The provisions of this Act shall be cumu-
lative of all laws not in conflict herewith....'

"Accordingly the Legislature evidently in-
tended that Articles 3896 and 3897 should contin-
ue in force even as to those officials whose
compensation is on the basis of an annual sal-
ary in lieu of fees.  It would be difficult, if
not impossible, for the respective officials of
the county to keep the records of their fees
and to make an annual sworn statement, as re-
quired by Articles 3896 and 3897, unless the
collecting officials from time to time turned
over to each respective official that portion
of the collected fees accruing to his office.

"Article 3896 ' Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for cost, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided.'

"Article 3897 'Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensation collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office.'

"In connection with the above quoted Articles, it is further noted that Article 3891, in part, requires that:

"'All fees due and not collected, as shown in the report required by Article 3897, shall be collected by the officer to whose office the fees accrued and shall be disposed of by said officer in accordance with the provisions of this Act.'

"This Article also contemplates the keeping of a record of fees accruing to each office.

"The underscored portion of the following Article might conceivably be sufficient authority for the Order of the Commissioners' Court, but if it is, the question naturally arises How can the officials make the sworn statement and keep the record of fees required by Articles 3896 and 3897?

"Article 3898   'The fiscal year, within the meaning of this act, shall begin on January 1st of each year; and each district, county and precinct officer shall file his report and make the final settlement required in this Act not later than February 1st of each year; provided, however, that officers receiving an annual salary as compensation for their services shall, by the close of each month, pay into the Officers' Salary Fund or funds, all fees, commissions and compensation collected by him during said month.
. . . . .'

"In fairness to each member of the Commissioners' Court of Midland County, I wish to say that the Order referred to herein was passed in entire good faith."

We agree with you that the above quoted order is invalid. We wish to express our appreciation for your excellent brief in this matter.

WJF:db:wc                          Very truly yours

APPROVED FEB 9, 1943               ATTORNEY GENERAL OF TEXAS
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS            By s/Wm. J. Fanning
                                        Wm. J. Fanning
Approved Opinion Committee By s/BWB         Assistant
Chairman